**Bruce KNIESPECK, Plaintiff—
Appellee,**

v.

**UNUM LIFE INSURANCE COMPANY
OF AMERICA, Defendant—
Appellant.**

No. 07–15094.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 19, 2008.*

Filed Jan. 14, 2009.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Douglas K. DeVries, Esquire, DeVries Law Firm, Sacramento, CA, for Plaintiff–Appellee.

Anna M. Martin, Esquire, Kevin Gill, Rimac Martin PC, San Francisco, CA, for Defendant–Appellant.

Before: NOONAN, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

UNUM Life Insurance Company of America (UNUM) appeals the district court's judgment after a two-phase bench trial in favor of Bruce Kniespeck. Kniespeck brought this action under 29 U.S.C. § 1132(a) to recover benefits that he alleges were wrongfully denied him under a group long-term disability policy (the Policy) issued by UNUM.

On appeal, UNUM argues that the district court erred in construing the Policy to require no proof of disability when the insured seeks partial disability benefits. We agree. Although the language of the Policy is not a model of clarity, the district court's interpretation of "partial disability" conflicts with the rest of the plan's provisions. *See Tr. of S. Cal. IBEW–NECA Pension Trust Fund v. Flores,* 519 F.3d 1045, 1047–48 (9th Cir.2008). Reading the term "disability" to mean a condition distinct from "partial disability" creates numerous internal inconsistencies in the Policy. We thus construe "disability" to include "partial disability," such that the Policy's proof of claim requirement also applies to Kniespeck's claim of partial disability. Upon request from UNUM, Kniespeck had to provide proof of continuing disability and care of a physician. Because he failed to provide this proof after multiple requests, UNUM was entitled to discontinue its payment of disability benefits to Kniespeck.

Section IV of the Policy requires Kniespeck to provide "proof" in order for UNUM to continue to pay benefits. Although the Policy has ambiguities and we

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

construe them against the insurer, the requirement of proof is unambiguous, and we cannot "torture or twist the language" to reach a different result. *See Babikian v. Paul Revere Life Ins. Co.*, 63 F.3d 837 (9th Cir.1995). Section VI, titled "General Policy Provisions," defines proof to include (1) the date the disability started; (2) the cause of the disability; and (3) how serious the disability is. Kniespeck was required to submit that information in 1998 when UNUM requested it.

It is undisputed that Kniespeck never offered proof of continuing disability to support his claim of partial disability. Specifically, Kniespeck never offered proof that because of "the injury or sickness that caused the [total] disability" he was "unable to perform all the material duties of his regular occupation on a full-time basis." In 2000, Kniespeck allegedly submitted a form from a chiropractor, not a medical doctor. The form stated that he was "permanently [illegible word] disable (sic)." It did not state the extent of the disability or that it made him "unable to perform all the material duties of his regular occupation on a full-time basis." The vocational evaluation report by Pride Industries was from February 1997, while UNUM was still paying total disability and before Kniespeck claimed partial disability. It says that he is totally disabled, but it is by a vocational evaluator, not a physician, and does not state that the disability was "because of injury" or was a "result from the injury ... that cause the [total] disability." After phase one of the bench trial, three physicians provided opinions that Kniespeck was not disabled.

Even if we assume that UNUM waived the thirty-one day time limit for receipt of proof, it was incumbent on Kniespeck to provide proof that he had a continuing disability in order to collect benefits for partial disability. The Policy does not presume continuing disability after any total disability, but instead requires proof of partial disability as a condition of obtaining benefits for partial disability, and Kniespeck did not provide proof. Thus, as a matter of law, Kniespeck is not entitled to any past or future benefits under the Policy.

**VACATED and REVERSED.**